The opinion of the court was delivered by

Mr. Justicc fxantt.

The defendant by an endorsement or parol agreement on *366 the back of the note, has undertaken to pay the amount expressed therein “ when in funds belonging to Robert Ogden, the period not to exceed six months.” It is á promise to pay the debt of another without any apparent consideration. None is stated or proved, and both were requisite to entitle the plaintiff to a recovery. If the foundation of the promise were a benefit to the defendant, or damage or loss to the plaintiff, it certainly does not .appear. On the qualified nature of the promise,. I should, with deference to the opinion of the Recorder, differ with respect to the interpretation to be given to it. If the understanding was that Gadsden, the defendant, was to become absolutely responsible for the payment of this inoney, at the-expiration of the six months; why, itmay.be asked, were the words, “ when in funds belonging to Robert Ogden,” inserted; expressio unius est exclusio alterius. The undertaking is therefore conditional, and amounts to no more than that the defendant would pay the amount in six months, provided funds belonging to Robert Ogden should come tp hand within that period. This fact ought to have been averred and proved, to .entitle the plaintiff to recover. The court are unanimously of, opinion that as no consideration was stated and proved, the plaintiff had no right of action. See 2d Constitutional Reports, 339. The motion .is granted.
Holmes, for motion.
Dawson, contra.
Bay, JYott, and Richardson, Justices, concurred.